UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL HARRIS,

        Petitioner,

v.                       Case No: 5:14-cv-173-Oc-29PRL

WARDEN, FCC COLEMAN -
MEDIUM,

        Respondent.
_____/

## ORDER OF DISMISSAL

Petitioner Michael Harris ("Petitioner"), an inmate at the Federal Correctional Complex in Coleman, Florida, initiated this case by filing a *pro se* petition and supporting memorandum pursuant to 28 U.S.C. § 2241 (Doc. 1, filed March 20, 2014; Doc. 2). Petitioner filed a supplemental petition on August 25, 2014 (Doc. 10). Respondent filed a response (Doc. 7) and a supplemental response (Doc. 13). Petitioner filed a reply (Doc. 9).

Respondent asks the Court to dismiss the petitions for lack of jurisdiction (Doc. 7; Doc. 9). Upon consideration of the petitions, the responses, and the reply, the petitions are dismissed as improper filings under § 2241.

## I. Background and Procedural History

On November 15, 2007, Petitioner was charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§

922(g) and 924(e) (Cr. Doc. 1).[1]  He was found guilty by a jury on June 10, 2008 (Cr. Doc. 42).  Petitioner was determined to be an armed career criminal pursuant to 18 U.S.C. § 924(e) ("ACCA") (Cr. Doc. 70 at 4-6, 8). He was sentenced to 195 months in prison (Cr. Doc. 55).  Petitioner's conviction and sentence were affirmed by the Eleventh Circuit (Cr. Doc. 80).

On August 2, 2010, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in which he argued *inter alia* that his prior conviction for a lewd or lascivious act (sexual battery) no longer qualified as a violent felony. Harris v. United States, Case No. 3:10-cv-678-J-32MCR, 2012 WL 1901568 (M.D. Fla. May 25, 2012) ("Harris I"). The § 2255 motion was denied, in pertinent part because the sentencing court had relied on four additional qualifying predicate state convictions to support the ACCA enhancement. Id. at *4.  The Eleventh Circuit Court of Appeals affirmed. United States v. Harris, 338 F. App'x (11th Cir. 2009).

Petitioner filed the instant 28 U.S.C. § 2241 petition on March 20, 2014 (Doc. 1 at 4).  In the petition, he argues that he was not provided sufficient notice that the government intended to seek an enhanced sentence under the ACCA and that his prior

---

[1] Citations to Petitioner's underlying criminal case, Middle District of Florida Case Number 3:07-cr-298-J-32MCR, will be cited as (Cr. Doc. ___).

convictions did not qualify as requisite predicates under the ACCA (Doc. 1 at 17, 23).

## II. **Analysis**

Petitioner has styled this action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, which provides a means for a prisoner to challenge the execution of his sentence. Here, Petitioner challenges the validity of the enhanced sentence he received on his conviction. Ordinarily, an action in which an individual seeks to collaterally attack his convictions or sentences should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255(a); Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). Because Petitioner's previous § 2255 motion was denied by the court that imposed his sentence, he may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which he has not done. 28 U.S.C. § 2255(h); Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) ("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion").

Because Petitioner is barred from filing another § 2255 motion, he filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Although 28 U.S.C. § 2255(e) expressly limits the circumstances under which a § 2241 motion may be filed, Petitioner asserts that he properly filed this motion under § 2241

because he is "actually innocent" of being an armed career offender (Doc. 1 at 23, 32).   Specifically, Petitioner argues that the United States Supreme Court's decisions in Descamps v. United States, 133 S. Ct. 2276 (2013) and Johnson v. United States, 559 U.S. 133 (2010), "rendered prior convictions non-qualifying to trigger statutory and guideline enhancements, after abrogating the manner in which an offense is determined to be a violent felony, serious drug offense, or controlled substance offense." Id. at 23.

A.  **Claims raised in a § 2241 petition must satisfy specific requirements before a district court has jurisdiction to review them**

Under § 2255(e)'s savings clause, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).   The italicized portion of § 2255(e) is referred to as the "savings clause."   Given that Petitioner could have raised on direct appeal or in his § 2255 motion his claim of insufficient notice of the government's intent to seek an enhanced sentence under the ACCA, it cannot now be

raised under the savings clause and will not be further considered by this Court.

Likewise, Petitioner's sentencing claim does not open a portal to habeas review.  In Bryant v. Warden, FCC Coleman–Medium, 738 F.3d 1253 (11th Cir. 2013), the Eleventh Circuit articulated the requirements a petitioner must meet in order to proceed with a § 2241 petition that raises sentencing claims under the savings clause.  The petitioner must establish that: (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, the Eleventh Circuit's binding precedent specifically addressed, and squarely foreclosed, his sentencing claim; (2) subsequent to his first § 2255 proceeding, a Supreme Court decision overturned this circuit precedent; (3) the new rule announced in the Supreme Court decision applies retroactively on collateral review; and (4) as a result of the new rule's retroactivity, Petitioner's current sentence exceeds the statutory maximum authorized by Congress. Bryant, 738 F.3d at 1274 (synthesizing the savings clause tests discussed in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011); and Williams v. Warden, Federal Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)); see also Mackey v. Warden, FCC Coleman, 739 F.3d 657, 661–62 (11th Cir. 2014) (approving the Bryant test factors and concluding that Mackey had satisfied all prongs thereof).  This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's

§ 2241 claims. <u>Williams</u>, 713 F.3d at 1338; <u>Daniels v. Warden, FCC Coleman</u>, 538 F. App'x 850 (11th Cir. 2013) ("[A] petitioner may not argue the merits of his claim until he has 'open[ed] the portal' to a § 2241 proceeding by demonstrating that the savings clause applies to his claim.").

**B.    Petitioner has not satisfied the requirements of § 2255(e)**

Applying the <u>Bryant</u> factors to Petitioner's sentencing claim, this Court concludes that he has not met the threshold requirements for opening a portal to § 2241 review.   Specifically, Petitioner fails to show that either Supreme Court case upon which he relies is retroactively applicable to cases on habeas review.

Under the ACCA, a defendant such as Petitioner who is convicted under 18 U.S.C. § 922(g) is subject to a 15-year mandatory-minimum prison sentence if he has three prior convictions for "serious drug offenses" or "violent felonies"[2] committed on separate occasions. 18 U.S.C. 924(e)(1); <u>see also United States v. Samuel</u>, 580 F. App'x. 836, 841 (11th Cir. 2014). Without § 924(e)'s enhancement, Petitioner would have been subject to a maximum term of ten years in prison. See <u>Bryant</u>, 738 F.3d at

---

[2] A "violent felony" is defined as any offense under federal or state law punishable by imprisonment for a term exceeding one year that: (1) has as an element the use, attempted use, or threatened use of physical force against another; or (2) is burglary, arson, or extortion, involves the use of explosives . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B).   The last portion of subsection two is called the "residual clause."

1285 (recognizing that "[s]ection 924(a)(2) states that the maximum sentence for a violation of § 922(g) is 10 years.").

At sentencing, five prior convictions were used to enhance Petitioner's sentence under 18 U.S.C. § 922(g). Three of these convictions were for burglary of a dwelling, contrary to Florida Statute § 810.02 (Cr. Doc. 70 at 3-8). At the time Petitioner was sentenced, the Eleventh Circuit held that a conviction for burglary under the Florida burglary statutes was a qualifying violent felony under § 924(e)(2)(B)(ii) because it presented a potential risk of physical injury. United States v. Matthews, 466 F.3d 1271, 1276 (11th Cir. 2006). Petitioner's instant claim is based on the premise that his burglary convictions are no longer qualifying "violent felonies" because, subsequent to his conviction and sentencing, the Supreme Court decided Descamps v. United States, 133 S. Ct. 2276 (2013) and Johnson v. United States, 135 S. Ct. 2551 (2015).

## 1. *Descamps v. United States*

In Descamps, the Supreme Court held that the defendant should not have been subject to a career criminal enhancement where his previous California burglary conviction was for violating a statute that criminalized conduct beyond the "generic" elements of the crime of burglary (unlawful entry into a building with the intent to commit a crime). Descamps, 133 S. Ct. at 2281-82. The California statute at issue was indivisible in that it did not

- 7 -

contain alternative elements and criminalized a broader swath of conduct than the relevant generic offense. Id. at 2281. The Descamps Court noted that when a statute is "divisible" – comprises multiple, alternative versions of the crime – a sentencing court is allowed to examine a limited class of documents to determine which of the statute's alternative elements formed the basis of the defendant's prior conviction. Id. at 2284.

Florida Statute § 810.02(3) as it pertains to burglary of a dwelling is not divisible because the definition of "dwelling" under Florida law includes the dwelling's curtilage, and the definition of dwelling is not written in the alternative. See Fla. Stat. § 810.11(2) (defining "dwelling" as "a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, *together with the curtilage* thereof.") (emphasis added); United States v. Matthews, 466 F.3d 1271, 1274 (11th Cir. 2006) ("Florida does not consider burglary of the curtilage of a structure to be a crime distinct from burglary of that structure[.]") (citing Henry v. State, 707 So. 2d 370, 372 (Fla. 1st DCA 1998)).  Courts have been clear that "the inclusion of curtilage takes Florida's underlying offense of burglary outside the definition of generic burglary." James v. United States, 550

U.S. 192 (2007) (internal quotations omitted) (overruled on other grounds by Johnson v. United States, 135 S. Ct. 2551 (2015)).

However, Descamps does not open the door to review of Petitioner's claims. Neither the Supreme Court nor the Eleventh Circuit has held that Descamps applies retroactively to cases on collateral review. See Abney v. Warden, No. 15-10088, 2015 WL 4546193, at *4 (11th Cir. July 29, 2015) (Descamps does not apply retroactively to cases on collateral review and is not a proper basis for granting relief under § 2241 via the savings clause of § 2255(e)"); Wilson v. Warden, FCC Coleman, 581 F. App'x 750, 753 (11th Cir. 2014) (same).

### 2. *Johnson v. United States*

Until recently, courts have concluded that burglary of a dwelling as defined under Florida law qualifies as a violent felony under the ACCA's residual clause. James, 550 U.S. at 212. Petitioner argues that because his burglary convictions were not enumerated violent felonies under the ACCA, he no longer qualifies as an armed career criminal under Johnson v. United States, 135 S. Ct. 2551 (2015) (Doc. 11 at 2-3). Indeed, in Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2564. Although, pursuant to James, Petitioner's Florida burglary convictions were designated as violent felonies under the residual clause,

Petitioner has not established that <u>Johnson</u> applies retroactively to cases on collateral review. <u>Bryant</u>, 738 F.3d at 1274.[3]

In <u>Bryant</u>, the Eleventh Circuit recognized that new substantive rules "generally apply retroactively on collateral review." <u>Bryant</u>, 738 F.3d at 1277 (citing <u>Schriro v. Summerlin</u>, 542 U.S. 348, 351-52 (2014)). New rules are substantive if they "narrow the scope of a criminal statute by interpreting its terms" or amount to "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." <u>Id.</u> Notwithstanding its statement in <u>Bryant</u>, the Eleventh Circuit rejected the argument that <u>Johnson</u> applies retroactively to cases on collateral review because "[n]o combination of holdings of the Supreme Court necessarily dictate that <u>Johnson</u> should be applied retroactively on collateral review." <u>In re Rivero</u>, 797 F.3d 986, 989 (11th Cir. 2015) (internal quotations omitted); <u>see also</u> <u>In re Williams</u>, 806 F.3d 322, 325-26 (5th Cir. 2015) (finding that <u>Johnson</u> did not announce a new substantive rule at all, and concluding that it is not

---

[3] The Court notes Respondent's assertion that the <u>Johnson</u> decision has substantive effect in the ACCA context and therefore, applies retroactively to cases on collateral review. Specifically, Respondent notes that the ACCA "establishes that a misapplication of the ACCA results in the defendant receiving a sentence that the law could not validly impose – the ACCA's 15-year mandatory minimum exceeds the otherwise-applicable 10-year maximum." (Doc. 13 at 17). Given that the applicability of the savings clause is a matter of subject matter jurisdiction, this Court cannot simply accept the Government's concession on this issue. <u>See</u> <u>Williams</u>, 713 F.3d at 1338.

retroactively applicable on collateral review); <u>In re Gieswein</u>, 802 F.3d 1143, 1148-49 (10th Cir. 2015) (determining that <u>Johnson</u> is not retroactively applicable to cases on collateral review because "[t]he Supreme Court has not held in one case, or in a combination of holdings that dictate the conclusion, that the new rule of constitutional law announced in <u>Johnson</u> is retroactive to cases on collateral review."); <u>compare</u> <u>Price v. United States</u>, Case No. 15-2427, 2015 WL 4621024 (7th Cir. 2015) (authorizing district court to entertain a second or successive § 2255 motion based on <u>Johnson</u>); <u>In re Watkins</u>, 2015 WL 9241176 (6th Cir. Dec. 17, 2015) (recognizing the circuit split and holding <u>Johnson</u> to be retroactively applicable on collateral review).

This Court is bound to follow the law of the Eleventh Circuit Court of Appeals. <u>Zuniga v. United Can Co.</u>, 812 F.2d 443, 450 (9th Cir. 1987) (recognizing that district courts are "bound by the law of their own circuit," and "are not to resolve splits between circuits ....") (citations omitted). While it may be that the <u>Johnson</u> decision will eventually allow for the filing of a second or successive § 2255 motion pursuant to § 2255(h)(2)[4]. Petitioner

---

[4] Section 2255(h) provides in pertinent part:

    A second or successive motion must be certified as
    provided in section 2244 by a panel of the
    appropriate court of appeals to contain –

        (1) newly discovered evidence that, if proven
        and viewed in light of the evidence as a whole,
        would be sufficient to establish by clear and

is not permitted to proceed with his § 2241 petition to raise his Johnson-related arguments at this time. See Dixon v. Hastings, No. 2:14-cv-170, 2015 WL 8489974, at * 2 (S.D. Ga. Dec. 9, 2015) (recognizing that Dixon's Johnson claim should be raised in a successive § 2255 motion, not a § 2241 petition); Haygood v. Warden, Fed. Corr. Inst., Berlin, N.H., No. 15-CV-302-SM, 2015 WL 7099677, at *2 (D.N.H. Nov. 13, 2015) ("The savings clause is not available for any constitutional claims that fall within the scope of 28 U.S.C. § 2255(h), which allows prisoners to apply to federal appellate courts to obtain leave to file successive § 2255 motions that are based on new constitutional rulings where the Supreme Court has made the ruling retroactively applicable to cases on collateral review."); Bishop v. Cross, No. 15-cv-1119-DRH, 2015 WL 7008178, at *3 (S.D. Ill. Nov. 12, 2015) (recognizing the retroactive application of Johnson to § 2255 motions in the Seventh Circuit but noting "Johnson does not open the door to relief under § 2241 at this time."); Brown v. Warden, No. 15-CV-88-HRW, 2015 WL 6702451, at *4 (E.D. Ky. Nov. 3, 2015) ("Since Johnson was rendered

---

convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) **a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.**

28 U.S.C. § 2255(h) (emphasis added).

four months ago, district courts have consistently concluded that a habeas corpus petition under § 2241 is not a proper method to assert a Johnson claim.") (citing Ruiz v. Ebbert, No. 3:CV-151612, 2015 WL 5997105, at *2 (M.D. Pa. Oct. 14, 2015) (dismissing the § 2241 petition and advising the petitioner that he should seek authorization from the appropriate Court of Appeals to file a second or successive § 2255 petition regarding his Johnson claim)).

To the extent Petitioner's supplemental petition is an attempt to bring a second or successive § 2255 motion under 28 U.S.C. § 2255(h) based upon a new rule of constitutional law, he must first receive permission to do so from the Eleventh Circuit Court of Appeals. At this time, Petitioner has not received any such authorization from the Eleventh Circuit, and he cannot attack his sentence via § 2255 in this Court.[5]

III. **Conclusion**

Petitioner has not shown that a retroactively applicable Supreme Court decision overturned Eleventh Circuit precedent that previously barred his claim. As a result, the savings clause

---

[5] Given the Eleventh Circuit's conclusion in In re Rivero, this Court makes no comment on Petitioner's potential for success in raising Johnson as a ground in an application with the Eleventh Circuit for authorization to file a second or successive § 2255 motion in the district of his conviction. However, Petitioner should be aware that there is a strict time limit under which to file a § 2255 motion. 28 U.S.C. § 2255(f); Dodd v. United States, 545 U.S. 353 (2005) (holding that the one-year time limit for filing a § 2255 motion ran from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right was made retroactively applicable).

provision of § 2255(e) does not apply, and Petitioner's collateral attack on his federal conviction must be treated as a § 2255 petition.  However, Petitioner has previously filed a § 2255 motion, and the instant action is successive.  Therefore, this Court is without jurisdiction to consider the petition.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The 28 U.S.C. § 2241 petitions (Doc. 1; Doc. 11) filed by Michael Leo Harris are **DISMISSED** as an improper filing under § 2241; and

2. The **Clerk of Court** is directed to enter judgment against Harris, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___28th___ day of December, 2015.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Michael Leo Harris
Counsel of Record